UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDRA CURET,

    Plaintiff,

v.                                    Case No. 8:21-cv-1801-VMC-TGW

ULTA SALON, COSMETICS
& FRAGRANCE, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Ulta Salon, Cosmetics & Fragrance, Inc.'s Motion for Reconsideration (Doc. # 35), filed on October 12, 2022. Plaintiff Sandra Curet responded on October 24, 2022. (Doc. # 36). For the reasons that follow, the Motion is denied.

**I.   Legal Standard**

"Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration." Beach Terrace Condo. Ass'n, Inc. v. Goldring Invs., No. 8:15-cv-1117-VMC-TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). "The time when the party files the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60." Id. "A Rule 59(e) motion must be filed within 28 days after the entry of the

1

judgment." Id. "Motions filed after the 28-day period will be decided under Federal Rule of Civil Procedure 60(b)." Id.

Here, the Motion was filed within 28 days of the entry of judgment, so Rule 59 applies. "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 F. App'x 679, 680 (11th Cir. 2014) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)).

Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. DeRochemont, No. 8:10-cr-287-SCB-MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012) (citation omitted). Furthermore, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).

## II. Analysis

In its motion, Ulta argues that the Court erred in finding a genuine dispute of material fact as to whether Zan Oliva was aware of Ms. Curet's protected activity. According to Ulta, the Court's denial of summary judgment was erroneous because "Ms. Oliva's lack of knowledge of protected activity

2

. . . makes it impossible that her actions were retaliatory." (Doc. # 35 at 3). The crux of Ulta's argument is that the June 5, 2019, meeting between Sandra Curet, Meaghan Lanza, and Zan Oliva is insufficient to support an inference that Ms. Oliva was aware of Ms. Curet's protected activity. In support of its argument, Ulta highlights Ms. Curet's deposition testimony where Ms. Curet stated "No, I don't think so" and "It's possible, but I don't know" when asked if it was possible Ms. Oliva was not aware of her protected activity. (Curet Depo. Doc. # 18-2 at 247:19–248:15). Ulta also cites to case law from the Eleventh Circuit holding that an employer's knowledge that an employee was "unhappy" is insufficient to demonstrate knowledge of protected activity. (Id. at 7–8); see Martin v. Fin. Asset Mgmt. Sys., Inc., 959 F.3d 1048, 1053 (11th Cir. 2020) (affirming a grant of summary judgment in favor of employer on a Title VII retaliation claim).

Ulta's argument does not persuade the Court. The Court based its determination that there was a factual dispute over Ms. Oliva's knowledge on the June 5, 2019, meeting, during which Ms. Lanza sat down with Ms. Curet and Ms. Oliva to discuss Ms. Curet's concerns. (Doc. # 32 at 3; Doc. # 21-4 at 2). Had Ms. Curet not engaged in protected activity, the June

3

5 meeting would never have occurred. A reasonable jury could infer that Ms. Oliva deduced from the circumstances of the meeting that Ms. Curet had engaged in protected activity. Indeed, by virtue of being brought into a formal meeting with the District Manager and one of her subordinates, Ms. Oliva could have known that protected activity precipitated the meeting.

While Ms. Oliva denied in a sworn declaration that she knew of Ms. Curet's protected activity, that alone does not end the Court's inquiry in the face of evidence to the contrary. (Doc. # 18-5 at ¶ 2). The circumstances of the June 5, 2019, meeting directly conflicts with Ms. Oliva's statement that she had no knowledge. Ms. Oliva's declaration did not address the meeting, and so does not refute any contention that she became aware of Ms. Curet's protected activity by virtue of the meeting.

Further, Ms. Curet's equivocal deposition testimony that it is possible Ms. Oliva was not aware of Ms. Curet's protected activity has no bearing on the Court's decision. The Court did not base its determination on the possibility that Ms. Lanza brought up Ms. Curet's protected activity *during* the meeting. Rather, as explained in the summary judgment order, being asked to meet with the District Manager

4

regarding a subordinate could indicate to someone in Ms. Oliva's position that protected activity had occurred. The Court found that a jury could infer knowledge based on these circumstances, and Ulta's motion for reconsideration does not persuade it otherwise.

As to Ulta's reliance on the Martin decision, the Court finds it distinguishable from the case at bar. See Martin, 959 F.3d at 1053 (affirming a grant of summary judgment in favor of employer on a Title VII retaliation claim). In Martin, the Court emphasized the "unrebutted evidence that the decision maker did not have knowledge of the employee's protected conduct," explaining that the Human Resources representative affirmatively denied informing the employer of the conduct. Id. at 1054. Here, in contrast, Ms. Oliva's denial that she was aware of Ms. Curet's protected activity is not corroborated by another source. See Id. (finding clear evidence of lack of knowledge where, in addition to the employer's testimony, there was independent testimony as well as contemporaneous meeting notes). The evidence that Ms. Oliva was approached by Ms. Lanza regarding Ms. Curet's "concerns" thus conflicts with Ms. Oliva's declaration that she had no knowledge. See (Doc. # 32 at 3) (noting Ms. Oliva's discussions with Ms. Lanza regarding Ms. Curet).

5

In any event, a motion for reconsideration is not the appropriate method for Ulta to inundate the Court with authority in support of an argument it previously chose not to develop. Ms. Curet's response to Ulta's motion for summary judgment made clear that her argument in support of Ms. Oliva's knowledge was based on the June 5, 2019, meeting. (Doc. # 21 at 4). Ulta could have cited to case law in its reply, but instead only reiterated that "[t]here is no evidence . . . that any harassers knew of her protected activity." (Doc. # 23 at 7). Because "[t]he purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed," the Court will not permit Ulta to "complain about the entry of a summary judgment order that did not consider an argument they chose not to develop for the district court at the time of the summary judgment motions." Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998); Johnson v. Bd. Of Regents of Univ. of Ga., 263 F.3d 1234, 1264 (11th Cir. 2001).

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

Defendant Ulta Salon, Cosmetics & Fragrance, Inc.'s Motion for Reconsideration (Doc. # 35) is **DENIED.**

6

**DONE and ORDERED** in Chambers in Tampa, Florida, this 9th day of December, 2022.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE